EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAFFODIL TYMINSKI (Cal. Bar No. 243680)
Assistant United States Attorney
OCDETF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0917
    Facsimile: (213) 894-0142
    E-mail: Daffodil.Tyminski@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-707-R |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ADRIANA AGUILAR |
| v. | |
| ADRIANA AGUILAR, | |
| Defendant. | |

1.   This constitutes the plea agreement between Adriana Aguilar ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the

indictment in <u>United States v. Adriana Aguilar</u>, CR No. 15-707-R, which charges defendant with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

        g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

        h.   Not move to withdraw defendant's guilty plea in this case.

THE USAO'S OBLIGATIONS

   3.   The USAO agrees to:

        a.   Not contest facts agreed to in this agreement.

        b.   Abide by all agreements regarding sentencing contained in this agreement.

2

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 21 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>POSSIBLE PARTICIPATION IN CASA PROGRAM</u>

4.   Defendant has requested consideration for participation in the Court's Conviction And Sentence Alternatives ("CASA") program.

5.   Defendant understands that defendant will be reviewed by the CASA program team, including the judicial officer overseeing the CASA program, for a determination whether defendant would be accepted for participation in the CASA program, and there is no certainty that defendant would be accepted for participation in the CASA program.

3

6.   With these understandings in mind, defendant and the USAO agree as follows:

a.   after entry of defendant's guilty plea, defendant and the USAO will request that preparation of a presentence report be delayed, that a sentencing date not be set, and that instead a status conference be scheduled for a date approximately 30 days after entry of defendant's guilty plea;

b.   if the CASA program team determines that defendant should be accepted for participation in the CASA program, defendant and the USAO will attempt to arrive at an amendment to this plea agreement acceptable to both defendant and the USAO to enable defendant's participation in the CASA program, leaving all other terms of the instant plea agreement in effect;

c.   if defendant and the USAO arrive at an amendment acceptable to both, they will jointly request the court to refer defendant to the CASA program for the CASA program judicial officer to retake defendant's guilty plea pursuant to the amended plea agreement and as a result begin defendant's participation in the CASA program;

d.   if either (i) the CASA program team determines that defendant should not be accepted for participation in the CASA program or (ii) the CASA program team determines that defendant should be accepted for participation in the CASA program but defendant and the USAO are not able to arrive at a mutually acceptable amendment to the plea agreement to enable defendant's participation in the CASA program, then the court shall be so advised at or prior to the status conference referenced in subparagraph (a) above, defendant's guilty plea pursuant to this agreement shall

4

remain in place, and the court shall set a date for defendant's sentencing and refer defendant for preparation of a presentence report.

<u>NATURE OF THE OFFENSE</u>

7.   Defendant understands that for defendant to be guilty of the crime charged in count five, that is, distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly possessed a controlled substance; and (2) the defendant possessed the controlled substance with the intent to distribute it to another person.

<u>PENALTIES</u>

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) is: (1) twenty years imprisonment; (2) a three-year period of supervised release; (3) a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and (4) a mandatory special assessment of $100.

9.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) is: a three-year period of supervised release, and a mandatory special assessment of $100.

10.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised

5

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial

of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

14.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about January 10, 2014, within the Central District of California, in Los Angeles County, defendant knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

SENTENCING FACTORS

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          [30]      [U.S.S.G. § 2D1.1(c)(6)]

Mitigating Role              [-4]          [U.S.S.G. § 3B1.1]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

21.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 87 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release

imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

22. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 46 months, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

23. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a

post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

25.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

27.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement

11

## EFFECTIVE DATE OF AGREEMENT

28.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

29.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

30.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

12

speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

          c.   Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

     31.  Defendant understands that the Court and the United States
Probation Office are not parties to this agreement and need not
accept any of the USAO's sentencing recommendations or the parties'
agreements to facts or sentencing factors.

     32.  Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation Office and the Court, (b) correct any
and all factual misstatements relating to the Court's Sentencing
Guidelines calculations and determination of sentence, and (c) argue
on appeal and collateral review that the Court's Sentencing
Guidelines calculations and the sentence it chooses to impose are not
error, although each party agrees to maintain its view that the
calculations above are consistent with the facts of this case.  While

13

this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      35.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   EILEEN M. DECKER
    United States Attorney
9

10   _____        _____06/08/16_____
     DAFFODIL TYMINSKI                        Date
11   Assistant United States Attorney

12

13   _____        _____6-8-2016_____
14   ADRIANA AGUILAR                          Date
     Defendant
15

16   _____        _____6-8-16_____
     STEPHEN FRYE                             Date
17   Attorney for Defendant Adriana
     Aguilar

18

19

20

21

22

23

24

25

26

27

28

                                    15

1

## CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 ADRIANA AGUILAR                       6-8-16
   Defendant                            ─────────────
                                        Date

21

22

23

24

25

26

27

28

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2          I am Adriana Aguilar's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of her rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16

17   _____          ___6-8-16_____
     STEPHEN FRYE                         Date
     Attorney for Defendant Adriana
18   Aguilar

19

20

21

22

23

24

25

26

27

28